UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

RANDALL L. SPADE,
    Plaintiff

    vs.                                                  NO.:

UNITED STATES DEPARTMENT OF JUSTICE,
    Defendant

## COMPLAINT

1. At all times relevant hereto, Plaintiff, Randall L. Spade, is an adult individual who currently resides at 780 Horning Road, Richfield, Union County, Pennsylvania 17086.

2. At all times relevant hereto, Plaintiff, Randall L. Spade, has been employed by the Department of Justice as a correctional officer, GS-7, at the US Penitentiary in Lewisburg, Pennsylvania.

3. Defendant is the Department of Justice ("Department"), by and through the acts of its agency, to wit, the US Bureau of Prisons, said agency having headquarters at 950 Pennsylvania Avenue, Northwest, Civil Division, NALC Building, Room 409, Washington, D.C. 20530.

4. This Court has jurisdiction over this matter pursuant to the Federal Tort Claims Act, 28 U.S.C. §1346(b).

5. On or about March 5, 2012, Plaintiff, in compliance with the provisions of the Federal Tort Claims Act, 28 U.S.C. §2675(a), filed a claim with the Department for damages arising from negligence committed by agents, servants, or employees of the Department.

6. On or about October 2013, Plaintiff received notice from the Department that Plaintiff's claim was denied.

7. On April 1, 2014, Plaintiff filed a request for reconsideration of the tort claim.

8. On July 6, 2015, Plaintiff received notice from James G. Touhey, Jr., Director, Torts Branch, Civil Division, United States Department of Justice, that Plaintiff's claim was denied.

9. This complaint is filed within the six (6) month time period from the date of denial of the claim by the Department, pursuant to 28 U.S.C. §2401(b).

10. Venue is proper in the Middle district of Pennsylvania, as Plaintiff resides in said district, and the acts or omissions at issue occurred within the Middle District of Pennsylvania. 28 U.S.C. §1402(b).

11. On or about September 12, 2011, while Plaintiff was working as a Correctional Officer, GS-7, at the United States Penitentiary in Lewisburg, Pennsylvania, Plaintiff had occasion to escort inmates to their assigned cell in the special housing unit.

12. At that time, inmate Wallace Mitchell #51443-060 stated "hey Randy, how's Richfield?"

13. Plaintiff was stunned that this inmate knew where he lived, however, Plaintiff continued to walk past the inmate's cell door to avoid having any further contact.

14. As Plaintiff was approaching the end of the range, he then heard inmate Mitchell recite Plaintiff's social security number.

15. Plaintiff immediately emailed SIA Fosnot regarding the aforesaid issue.

16. Subsequently, on or about September 16, 2011, Plaintiff received a phone call from SIA Fosnot informing Plaintiff that his personal information had been discovered in inmate Mitchell's cell.

17. Somewhere between September 19, 2011 and September 21, 2011, Plaintiff viewed the information which was confiscated from Inmate Mitchell's cell and it appeared that inmate Mitchell filed a Freedom of Information Request to the Department, and through the negligence of the Department, the inmate received original copies of Plaintiff's information which included Plaintiff's social security number, date of birth, home address, and work history with the Bureau.

18. On or about September 22, 2011, Plaintiff was assured by the Department that an investigation was being conducted into specifically how inmate Mitchell was able to obtain the aforesaid information.

19. On or about November 15, 2011, Lieutenant R. Johnson informed Plaintiff that inmate Mitchell was removed from his cell for a cell search and staff had heard inmate Mitchell passing Plaintiff's personal information to another inmate by yelling the information down the range.

20. Officers Shuman and Clark conducted a search of the various inmates cells which revealed that other inmates had written down Plaintiff's information.

21. On or about November 17, 2011, Warden Bledsoe, along with SIA Fosnot, explained to Plaintiff that the Department's Office of Internal Affairs (OIA) had sent

Plaintiff's personal information to the Department's Office of Inspector General (OIG) and OIG in turn mistakenly sent Plaintiff's information to inmate Mitchell.

22. Plaintiff was told that "there are two piles, the original copy and the redacted copy, the piles got mixed and the inmate received the originals".

23. On or about November 16, 2011, Officer Brininger informed Plaintiff that inmate Mitchell had spoken with him personally and described Plaintiff's house and the surrounding area to him.

24. Officer Brininger emailed said information to SIA Fosnot.

25. In response to Plaintiff's Complaint, the Department directed Plaintiff to a website for breach procedures and told Plaintiff "we believe the breach you described has been reported by BOP through the appropriate channels within the Department and is in the evaluation process".

26. Subsequently, on December 20, 2011, Officer Lutz overheard inmate Cole #06421-010 tell another inmate "Officer Spade better stop fucking with me, he don't even know I can recite his social security number and home address by heart. I have that all memorized".

27. Officer Lutz also overheard inmate Cole state "he needs to stop messing with somebody that has connections on the street and start messing with somebody that doesn't".

28. Plaintiff made the Department aware of the aforesaid information.

29. On or about December 23, 2011, Plaintiff received an email from the

Department confirming that "the inmate received information that was intended for delivery to the BOP for further processing under the Freedom of Information Act.

30. Plaintiff again was directed to a website for the Federal Trade Commission ID Theft.

31. Plaintiff has suffered extreme emotional stress as a result of the negligent release of his personal information.

32. Specific inmates who now know Plaintiff's personal information are part of the Special Management Unit as USP Lewisburg, and are deemed to be among the worst in the Bureau of Prisons.

33. Plaintiff fears for his family's safety, Plaintiff fears for his own safety and it has detrimentally affected his work environment.

## COUNT 1 – NEGLIGENCE

34. Plaintiff incorporates the previous averments of this Complaint as fully as if said averments were restated at length herein.

35. The carelessness and negligence of Defendant, acting by and through its agents, servants, or employees, consisted of the following:

    35.1 the failure of the OIA in sending Plaintiff's personal information to the OIG;

    35.2 the failure of the OIG in mixing up the original copy of Plaintiff's personal information and the redacted copy of Plaintiff's

information;

35.3 the failure of the Department in providing the original information to inmate Mitchell as part of his Freedom of Information Act request;

35.4 the failure of the Department to remedy the mistake;

35.5 the failure of the Department to render a remedy to Plaintiff for their negligence; and

35.6 such other acts and/or omissions, constituting carelessness and/or negligence, as may be evidence during the course of discovery or at the trial of this action.

36. As a direct and proximate result of the Department's negligence, Plaintiff has suffered extreme emotional stress, anguish, humiliation and duress.

37. As a direct and proximate result of the Department's negligence, Plaintiff has incurred and will continue to incur pain and suffering, humiliation, embarrassment, emotional distress, past and future medical costs, and such other damages as may become apparent, all of which will continue into the future.

WHEREFORE, Plaintiff demands judgment in his favor and against Defendant for a sum in excess of $50,000, exclusive of interest and costs of prosecution.

By: /S/ Christian A. Lovecchio
Christian A. Lovecchio
Attorney ID No.: 85505
Attorney for Plaintiff
602 Pine Street, Williamsport, PA 17701
Telephone 570-326-2401
Fax 570-326-3498