# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RANDALL L. SPADE, | No. 4:15-CV-02513 |
| Plaintiff. | (Judge Brann) |
| v. | |
| THE UNITED STATES DEPARTMENT OF JUSTICE, | |
| Defendant. | |

## MEMORANDUM OPINION

### MAY 8, 2018

The United States Department of Justice moved to dismiss Plaintiff's Amended Complaint. For the reasons that follow, that motion will be granted.

## I. BACKGROUND[1]

At all relevant times, Plaintiff Randall Spade was employed as a correctional officer at the United States Penitentiary in Lewisburg, Pennsylvania.[2] In September 2011, Mr. Spade learned that Defendant, the United States Department of Justice ("DOJ"), had inadvertently divulged Mr. Spade's personal information

---

[1] When considering a motion to dismiss for failure to state a claim, a court assumes the truth of all factual allegations made in the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The material in this section, then, is taken entirely from Mr. Spade's Amended Complaint, ECF No. 11, and is presumed true for present purposes.

[2] ECF No. 11 ¶ 2.

when responding to an inmate's Freedom of Information Act request.[3]  This suit followed.

Mr. Spade's Amended Complaint contains two counts.  The first, brought under the Federal Tort Claims Act, states that the DOJ's handling and release of his personal information was negligent.  The second likewise contends that the DOJ's actions were negligent, but is brought under the Pennsylvania Political Subdivision Tort Claims Act.[4]

## II. DISCUSSION

### A. Standard of Review

When considering a motion to dismiss for failure to state a claim upon which relief may be granted,[5] a court assumes the truth of all factual allegations in the plaintiff's complaint and draws all inferences in favor of that party;[6] the court does not, however, assume the truth of any of the complaint's legal conclusions.[7]  If a complaint's factual allegations, so treated, state a claim that is plausible – *i.e.*, if

---

[3] *Id.* ¶¶ 11-33.

[4] *Id.* ¶¶ 38-45.

[5] Federal Rule of Civil Procedure 12(b)(6).

[6] *Phillips v. County Of Allegheny*, 515 F.3d 224, 228 (3rd Cir. 2008).

[7] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  *See also Connelly v. Lane Const. Corp.*, 809 F.3d 780, 786 (3rd Cir. 2016).

they allow the court to infer the defendant's liability – the motion is denied; if they fail to do so, the motion is granted.[8]

### B. Whether Mr. Spade's Claim is Actionable Under the Federal Tort Claims Act

The Federal Tort Claims Act ("FTCA") provides a remedy for certain injuries caused by federal employees, by holding the United States liable "in the same manner and to the same extent as a private individual under like circumstances."[9] To prevail on his negligence-based FTCA claim, then, Mr. Spade must show that the DOJ's conduct violated a duty owed to him under Pennsylvania law.[10]

Mr. Spade has not satisfied his burden. Specifically, he has not pointed to any Pennsylvania authority creating liability for the negligent handling or disclosure of personal information, nor has this Court been able to find any. Because the DOJ's actions—while unfortunate—are not actionable under state tort law, they are not actionable under the FTCA. Consequently, this claim will be dismissed.

---

[8] *Id.*

[9] *Id.* § 2674.

[10] *See* 28 U.S.C. § 1346 ("[T]he district courts . . . shall have exclusive jurisdiction of civil actions on claims against the United States . . . for [injuries] caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to claimant in accordance with the law of the place where the act or omission occurred.")

### C. Whether Mr. Space May Bring a Claim Against the United States Under the Pennsylvania Political Subdivision Tort Claims Act

The Pennsylvania Political Subdivision Tort Claims Act waives Pennsylvania's sovereign immunity for certain claims brought against "local agenc[ies]."[11] Because the DOJ is not a local agency, this claim will be dismissed.

### III. CONCLUSION

For the reasons discussed above, both counts of Mr. Spade's Amended Complaint will be dismissed. Because any amendment would not correct the complaint's inherent deficiencies—and would therefore be futile[12]—the dismissal will be with prejudice. An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge

---

[11] 42 Pa. C.S. § 8542(a).

[12] *Phillips v. County of Allegheny*, 515 F.3d 224, 243 (3d Cir. 2008).