IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RANDALL L. SPADE, | No. 4:15-CV-02513 |
| Plaintiff, | |
| v. | (Judge Brann) |
| THE UNITED STATES OF AMERICA, | |
| Defendant. | |

MEMORANDUM OPINION

MARCH 31, 2021

## I. BACKGROUND

On December 31, 2015, Randall Spade filed a complaint against the United States of America[1]. An amended complaint was filed on November 6, 2017, raising claims under the Federal Tort Claims Act ("FTCA") and a similar Pennsylvania statute. At all relevant times, Spade was employed as a correctional officer at the United States Penitentiary in Lewisburg, Pennsylvania.[2] In 2011, Spade learned that the Government had inadvertently divulged Spade's personal information when responding to an inmate's Freedom of Information Act request.[3]

---

[1] Spade initially filed the complaint against the Department of Justice, but the caption has since been modified.
[2] Doc. 11 ¶ 2.
[3] *Id.* ¶¶ 11-33.

This Court granted the Government's motion to dismiss the amended complaint on May 8, 2018, finding that Spade had failed to identify any duty under Pennsylvania tort law that applied to his case. Spade appealed. After his appeal was filed, the Pennsylvania Supreme Court issued an opinion in a case titled *Dittman v. UPMC*.[4] *Dittman* held that an employer owes a duty of reasonable care to its employees "in collecting and storing [e]mployees' data on its computer systems."[5] The United States Court of Appeals for the Third Circuit alerted the parties to *Dittman* and asked for letter briefs regarding the case.[6] Then, while briefing any impact *Dittman* may have on Spade's case, the Government realized that the Federal Employees' Compensation Act ("FECA") might be a jurisdictional bar to Spade's claim in the first instance. The Third Circuit subsequently vacated this Court's initial ruling and directed me to allow Spade to seek a determination from the Secretary of Labor as to whether FECA covered his claims.[7] The Third Circuit further instructed that if FECA *did not* bar Spade's claims, this Court should consider *Dittman*'s impact on the case.[8]

This Court allowed Spade to pursue his administrative remedies. On June 9, 2020, Spade informed the Court that his claim to the Department of Labor was

---

[4]  196 A.3d 1036 (Pa. 2018).
[5]  *Id*. at 1047.
[6]  *Spade v. United States*, 763 Fed.Appx. 294 (3d Cir. 2019).
[7]  *Id*.
[8]  *Id*. at 296.

denied (the "FECA Decision").[9] The Government, upon review of the FECA Decision, indicated that it planned to file a motion to dismiss with this Court. On July 2, 2020, the Government brought this motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction.[10] The motion is now ripe for disposition; for the reasons that follow, it is granted.

## II. LEGAL STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) attacks the Court's subject matter jurisdiction over the case before it. "At issue . . . is the court's 'very power to hear the case.'"[11] An evaluation under 12(b)(1) "may occur at any stage of the proceedings, from the time the answer has been served until after the trial has been completed."[12] And "the person asserting jurisdiction bears the burden of showing that the case is properly before the court at all stages of the litigation."[13]

Courts must determine whether a jurisdictional challenge is facial or factual. When reviewing a facial 12(b)(1) motion, a court must "consider the allegations of the complaint as true."[14] In contrast, when reviewing a factual 12(b)(1) motion, a

---

[9] *See* Doc. 30. The Department of Labor's Office of Workers' Compensation Programs ("OWCP") is the specific office that reviewed Spade's claim.
[10] *See* Doc. 35.
[11] *Judkins v. HT Window Fashions Corp.*, 514 F.Supp.2d 753, 759 (W.D. Pa. 2007) (quoting *Mortensen v. First Fed. Savings & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)).
[12] *Mortensen*, 549 F.2d at 891-92.
[13] *Packard v. Provident Nat. Bank*, 994 F.2d 1039, 1045 (3d Cir. 1993), *cert. denied*, 510 U.S. 964 (1993) (citing *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)).
[14] *Mortensen*, 549 F.2d at 891.

court has "substantial authority" to "weigh the evidence and satisfy itself as to the existence of its power to hear the case."[15]  "In short, no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims."[16]

### III.   DISCUSSION

The Government asserts that this Court lacks jurisdiction because FECA preempts Spade's claims.  FECA "provides an exclusive and comprehensive compensation scheme to federal employees for injuries that are 'sustained while in the performance of [their] duty.'"[17]  FECA "was designed to protect the Government from suits under statutes, such as the Federal Tort Claims Act, that had been enacted to waive the Government's sovereign immunity."[18]  FECA represents the quid pro quo "commonly found in workers' compensation legislation: employees are guaranteed the right to receive immediate, fixed benefits, regardless of fault and without need for litigation, but in return they lose the right to sue the Government."[19]

---

[15]   *Id.*
[16]   *Id.*
[17]   *Horton v. United States*, 144 Fed.Appx. 931, 932 (3d Cir. 2005) (quoting 5 U.S.C. § 8102(a)).
[18]   *Lockheed Aircraft Corp. v. United States*, 460 U.S. 190, 193-94 (1983).
[19]   *Id.* at 194.

To this end, FECA is the exclusive remedy for injuries or death suffered by a federal employee while acting in the scope of employment.[20]  Consequently, if injuries are found to be covered by FECA, then "federal courts have no subject matter jurisdiction to entertain the action, since the United States has not otherwise waived its sovereign immunity to suit."[21]  The Secretary of Labor has full discretion to determine whether particular injuries are covered by FECA.[22]  Such decisions are "absolutely immune from judicial review, whether or not a particular determination is grounded in logic or precedent."[23]

These decisions are binding, "regardless of whether compensation is actually awarded."[24]  Thus, if a party submits injuries to the Secretary to determine FECA coverage, that party will be bound even if the Secretary determines that FECA applies but that compensation is not warranted.[25]  The Government asserts that this is exactly what happened; Spade's claim was denied after a determination that FECA covered the injury he suffered.

---

[20] *Weyerhaeuser S.S. Co. v. United States*, 372 U.S. 597, 599 (1963) (quoting 5 U.S.C. § 757(b)).
[21] *Heilman v. United States*, 731 F.2d 1104, 1109-10 (3d Cir. 1984) (citing *Joyce v. United States*, 474 F.2d 215, 219 (3d Cir. 1973)).
[22] *Id.* at 1109.
[23] *DiPippa v. United States*, 687 F.2d 14, 17 (3d Cir. 1982) (internal citations omitted).
[24] *McDaniel v. United States*, 970 F.2d 194, 198 (6th Cir. 1992).
[25] *See id.*; *Spinelli v. Goss*, 446 F.3d 159, 160 (D.C. Cir. 2006).

There is no dispute over where Spade's FECA proceedings currently stand. Spade submitted his claim to the Department of Labor, and it was denied. He currently has two administrative appeals pending.[26]

Spade raises three reasons why his claim should not be barred by FECA, despite the Secretary's denial of it. First, he believes that the injuries allegedly suffered in the amended complaint are not covered by FECA.[27] He claims there is a circuit split on whether FECA covers claims for emotional distress. Second, Spade asserts that his claim was not denied on its merits, and therefore, this Court still has jurisdiction.[28] Third, Spade suggests that because he still has administrative appeals pending, this Court should deny the motion to dismiss as premature.[29] I address each of Spade's theories in turn.

The Third Circuit has noted that "[t]he threshold requirement for determining FECA coverage is that the injuries alleged must be sustained while in the performance of [the employee's] duty."[30] The Secretary determined that Spade suffered his injury in the course of his employment. Spade alleges that he suffered extreme emotional distress as a result of the negligent release of his personal information.[31] The FECA Decision clearly states that Spade established that he

---

[26] *See* Doc. 42.
[27] *See* Doc. 37 at 5.
[28] *See Id.* at 7.
[29] *See Id.*
[30] *Heilman v. United States*, 731 F.2d 1104, 1110 (3d Cir. 1984) (internal quotation marks omitted).
[31] Doc. 11 ¶ 31.

was a "Federal civilian employee who filed a timely claim, and the evidence support[s] that the injury and/or events occurred as described."[32] The FECA Decision goes on to note that the "evidence supports that the events that [Spade] described occurred *within the performance of duty*."[33] These concessions by the Secretary suggest that Spade's injury was covered by FECA.

Spade points to case law from the Ninth Circuit to suggest that there is a circuit split on the question of whether or not emotional distress injuries are covered by FECA. Spade's attempt to point out this perceived deviation in the law is unconvincing and also misses the broader point: at least within this Circuit, the Secretary's decision on the question of coverage is final and unreviewable by this Court.

To be sure, courts have recognized for decades that emotional distress claims are covered by FECA.[34] Spade's reference to Ninth Circuit case law is a minority position, and this Court is not bound by that Circuit's precedent. Indeed, at least one other Circuit has noted that only the Ninth Circuit has taken the position "that a federal court decides the threshold question whether the type of injury alleged falls within the scope of FECA coverage."[35]

---

[32] Doc. 32 Ex. 1 (Attachment B, FECA Decision).
[33] *Id*. (emphasis added).
[34] *See Volpini v. Resolution Trust Corp.*, 1997 WL 476347 at * 4 (E.D. Pa. Aug. 19, 1997) ("Recent cases hold that emotional distress is covered under FECA."); *see also Spinelli v. Goss*, 446 F.3d 159, 160-162 (D.C. Cir. 2006); *Swafford v. United States*, 998 F.2d 837, 839-40 (10th Cir. 1993); *McDaniel v. United States*, 970 F.2d 194, 195–197 (6th Cir. 1992).
[35] *Mathirampuzha v. Potter*, 548 F.3d 70, 82 (2d Cir. 2008).

More importantly, the Secretary denied Spade's claim for lack of evidence. That is a decision on the merits. The Department of Labor informed Spade that his case was denied specifically because he "did not submit any medical evidence containing a medical diagnosis in connection with the injury. . ."[36] "By ruling on the sufficiency of the evidence, the Secretary thought coverage existed."[37] This decision is in line with the multitude of courts that have found that denials of claims based on evidence constitute a finding that the injury at issue is covered under FECA.[38]

As noted above, the Third Circuit, whose precedent this Court *is* obligated to follow, has made clear that "the decision of the Secretary of Labor on whether FECA covers the alleged injury, and on the amount of compensation, if any, to be awarded, is final, and review of any kind by a court is absolutely barred."[39] In

---

[36] Doc. 32 Ex. 1 (Attachment B, FECA Decision).
[37] *Bennett v. Barnett*, 210 F.3d 272, 277 (5th Cir. 2000).
[38] *See Fuqua v. United States Postal Service*, 956 F.3d 961, 964-65 (7th Cir. 2020) ("The Secretary then exercised jurisdiction over Fuqua's claim and denied it for lack of evidence. The denial was based on lack of proof, not lack of coverage."); *Hawkins v. United States*, 418 F.Supp.3d 636, 641-42 (W.D. Wash. 2019) (finding no jurisdiction where the Secretary denied a claim "because the evidence is insufficient to establish that a medical condition arose during the course of employment and within the scope of compensable work factors"); *Johle v. United States*, 2016 WL 9021836 (D. N.M. Dec. 7, 2016) (finding no jurisdiction where claim was denied "because there was insufficient evidence to prove that the injury occurred as stated"); *Gonzalez v. United States*, 2016 WL 11468593, at *3 (E.D.N.Y. Aug. 31, 2016) ("[T]he OWCP denied Plaintiff's administrative complaint for insufficient evidence. Such a denial was a determination on the merits, and, therefore, the OWCP determined that Plaintiff's claim was within the FECA's coverage. Accordingly, this Court is deprived of subject matter jurisdiction to adjudicate this claim."); *Borden v. United States*, 2011 WL 4060227, at *2 (S.D. Miss. Aug. 26, 2011) (finding that "[the Secretary's] dismissal for lack of sufficient proof of a compensable injury was a dismissal on the merits, and is fatal to his federal court action") (cleaned up).
[39] *Heilman v. United States*, 731 F.2d 1104, 1109 (3d Cir. 1984) (citing 5 U.S.C. § 8128(b)(2)).

other words, even if this Court believed that emotional distress claims like Spade's were not covered by FECA's text, the Secretary's determination to the contrary is final, and I would have no authority to overrule that decision.  Again, I emphasize that this ruling by the Secretary, dismissing Spade's claim specifically for a lack of medical evidence, is an acknowledgement that Spade's injury was otherwise covered by FECA.

Furthermore, though not strictly necessary to my decision, I note that the Government has provided a declaration from the Deputy Director for Program & System Integrity Federal Employees' Compensation, Officer of Workers' Compensation Programs.  The Deputy Director's declaration summarizes the Secretary's decision on the claim.  Her declaration states that Spade's injury "would be covered under FECA if he submitted medical evidence establishing that he sustained a medical condition as a result of his federal employment."[40]  To the extent the FECA Decision itself was unclear, the Deputy Director's declaration is helpful to explain the rationale behind the determination.  Again, this additional piece of evidence, while helpful, only serves to buttress my decision that Spade's claim was denied for lack of evidence rather than because the injury itself was not covered by FECA.[41]

---

[40] Doc. 32 Ex. 1 (Declaration of Jennifer Valdivieso ¶ 6).
[41] Spade acknowledges that the Deputy Director's declaration is relevant and may "go toward the weight of evidence which this Court must consider in determining whether to grant or deny Defendant's Motion." Doc. 37 at 7.

---

Besides being plainly inconsistent with the Third Circuit's approach, an alternative holding would lead to untenable results. Allowing a plaintiff to proceed on FTCA claims after he failed to provide evidence to the Secretary "would effectively permit him to circumvent the exclusivity provisions of FECA."[42] A plaintiff could file a claim with the Secretary, "forc[e] the Department of Labor to deny it by failing to submit any evidence," and after his claim was denied, return to federal court, bringing an action under the FTCA, where he could potentially receive a greater damages award than under FECA.[43]

The Department of Labor advised Spade "of the deficiencies in [his] claim and provided [him] the opportunity to submit additional evidence."[44] Spade failed to provide the medical evidence that the Department of Labor asked for.[45] "The Court will not set the precedent that, to circumvent FECA, all a plaintiff must do is fail to provide the requested information."[46]

Spade's final argument against dismissal is that the Government's motion is premature.[47] This Court, however, has determined that it does not have subject matter jurisdiction over this claim. The fact that Spade still has administrative

---

[42]  *Gagliardi v. United States*, 1991 WL 9361 at *4 (E.D. Pa. Jan. 28, 1991).
[43]  *Id.* (citing *Avasthi v. United States*, 608 F.2d 1059 (5th Cir. 1979)).
[44]  Doc. 32 Ex. 1 (Attachment B, FECA Decision).
[45]  *Id.*
[46]  *Johle v. United States*, 2016 WL 9021836 at *17 (D. N.M. Dec. 7, 2016); *see also Fuqua v. Brennan*, 2018 WL 11215319 at *2 (N.D. Ill. June 18, 2018) ("Plaintiff's failure to present sufficient evidence to the Department of Labor does not entitle him to sidestep the FECA's exclusivity provision and pursue his FTCA claims in this Court.") *aff'd sub nom. Fuqua v. United States Postal Serv.*, 956 F.3d 961 (7th Cir 2020).
[47]  Doc. 37 at 7.

appeals pending does nothing to change this fact. Spade points to no authority to the contrary, and therefore, his claim cannot stay here.

Lastly, I reiterate a point from an earlier decision in this matter: the claim under the Pennsylvania Political Subdivision Tort Claims Act cannot survive either. That statute waives *Pennsylvania's* sovereign immunity for certain claims brought against "local agenc[ies]."[48] A local agency is a "*government unit* other than the Commonwealth government."[49] A government unit, in turn, is defined as the "General Assembly and its officers and agencies, any *government agency* or any court or other officer or agency of the unified judicial system."[50] And finally, a government agency is defined as any "Commonwealth agency or any political subdivision or municipal or other local authority, or any officer or agency of any such political subdivision or local authority."[51] The United States is not a local agency, and therefore, Spade's claim under that statute will also be dismissed again.

## IV.   CONCLUSION

As I noted at the outset, FECA is the exclusive remedy for injuries suffered by a federal employee while acting in the scope of employment.[52] Because Spade's injury is covered by FECA, this Court has no jurisdiction to hear his

---

[48]  42 Pa. C.S. § 8542(a).
[49]  42 Pa. C.S. § 8501 (emphasis added).
[50]  42 Pa. C.S. § 102 (emphasis added).
[51]  *Id*.
[52]  *Weyerhaeuser S.S. Co. v. United States*, 372 U.S. 597, 599 (1963) (quoting 5 U.S.C. § 757(b)).

FTCA claim.  The Court is sympathetic to Spade's situation; what happened to him was clearly unfortunate, and he should pursue his administrative appeals to the fullest extent possible.  Having said that, this Court can do nothing else for him.[53]  Defendant's motion to dismiss pursuant to Rule 12(b)(1) is granted.

An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge

---

[53] Because I find that FECA preempts Spade's claims, and that therefore I do not have subject matter jurisdiction, I do not reach the question of whether the Pennsylvania Supreme Court's decision in *Dittman* would have any impact on the analysis of Spade's claims.